UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANTOS SALAS, an individual, and ANITA GUTIERREZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HILLTOP FINANCIAL MORTGAGE, INC., a California corporation, ENCORE CREDIT CORPORATION, a California corporation, and ABRAHAM KABA, an individual,<br><br>Defendants. | CASE NO.  C 04 1682 EDL (EDL)<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO: (1) CONTINUE THE DEPOSITIONS OF ABRAHAM KABA AND HILLTOP'S 30(B)(6) REPRESENTATIVE; (2) FURTHER RESPOND TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; AND (3) PROVIDE A COMPLETE INITIAL DISCLOSURE AS REQUIRED UNDER FRCP 26 |
| ENCORE CREDIT CORPORATION, a California corporation,<br><br>Cross-Claimant,<br><br>v.<br><br>HILLTOP FINANCIAL MORTGAGE, INC., a California corporation, and ABRAHAM KABA, an individual,<br><br>Cross-Defendants. | Date:  August 30, 2005<br>Time:  9:00 a.m.<br>Courtroom:  E<br>Judge:  Laporte<br><br>Complaint Filed: April 29, 2004 |

Plaintiffs' motion to compel Hilltop Financial Mortgage Inc., and Abraham Kaba

(collectively referred to as "Defendants") to: (1) continue the depositions of Kaba and Hilltop's

30(b)(6) corporate designee pursuant to Fed. R. Civ. P. 30(b)(6) ("FRCP"); (2) further respond to

-1-

1  Plaintiffs' First Set of Requests for Production of Documents; and (3) provide a complete Initial

2  Disclosure as required under Rule 26(a)(1) of the FRCP; was heard by this Court on August 30,

3  2005.  Plaintiffs and Defendants were represented by counsel of record at the hearing of this

4  motion.

5       Having read and considered the pleadings, papers, and other evidence submitted in

6  support of, and in opposition to, Plaintiffs' motion to compel, having heard and considered the

7  arguments of counsel, and good cause appearing therefore, Plaintiffs' motion to compel is

8  **GRANTED.**

9  **IT IS HEREBY ORDERED THAT:**

10      1.    Defendants produce Abraham Kaba for another day of deposition at a time and

11  place mutually agreeable to the parties.

12      2.    Defendants produce a 30(b)(6) representative for all of the topics previously

13  noticed by Plaintiffs for another day of deposition at a time and place mutually agreeable to the

14  parties.

15      3.    Defendants provide a declaration from a knowledgeable person testifying to, if

16  applicable, the following: (1) that all of the documents produced by Hilltop are true and correct

17  copies of the original documents as kept in the ordinary course of business; (2) the identity of all

18  individuals and/or entities that provided Hilltop with each document that it produced; and (3) the

19  authenticity of the signature of each Hilltop employee that appears on any document that is in

20  Hilltop's possession that relates in any way to the Plaintiffs' loan, including but not limited to the

21  loan application.

22      4.    Defendants provide a declaration from a knowledgeable person or persons, as

23  necessary, describing in detail: (1) all of the efforts made by Hilltop to locate documents

24  responsive to Plaintiffs' document requests; (2) all documents located as a result of these efforts,

25  and (3) a certification that Hilltop has produced all responsive documents within its possession,

26  custody or control, including an explanation that certain responsive documents now in existence

27  did not exist at the time Plaintiffs' loan was issued.

28      5.    Defendants produce all responsive documents within their possession, custody or

-2-

DLA PIPER RUDNICK
GRAY CARY US LLP

PA\10424899.2
125-4347

[PROPOSED] ORDER // C 04-1682 EDL

1    control.

2         6.      The portion of the April 1, 2005 Case Management And Pretrial Order For Jury

3    Trial imposing numerical limitations on discovery available to each party is hereby vacated.

4         7.      The following guidelines shall govern all counsels' behavior during depositions in

5    this matter:

6    •   No speaking objections;

7    •   No answering on behalf of the witness;

8    •   No conferring with the witness other than to determine if a claim of privilege exists;

9    •   No instructing the witness not to answer unless based on a claim of privilege.

10

11

12   **IT IS SO ORDERED.**

13   Date:   September 6, 2005



IT IS SO ORDERED
Judge Elizabeth D. Laporte

UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DLA PIPER RUDNICK
GRAY CARY US LLP

PA\10424899.2
125-4347

[PROPOSED] ORDER // C 04-1682 EDL